IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TARA LOWRIMORE, AND OTHER )
SIMILARLY SITUATED John Does 1-8000, )
)
      **Plaintiff,** )
)
v. )   Case No. CIV-15-475-RAW
)
SEVERN TRENT ENVIRONMENTAL )
SERVICES, INC., and SEVERN TRENT )
LABORATORIES, INC., )
)
      **Defendants.** )

# ORDER

Before the Court is the motion of the plaintiff to remand. This action was commenced in the District Court of Choctaw County by the filing of a petition on October 30, 2015. The petition is labeled "Class Action Petition." It represents to bring the action on behalf of "a plaintiff class consisting of all persons and entities residing in and/or located in the city of Hugo, Oklahoma, and all surrounding area which are serviced by the Hugo Water Treatment Plant operated under the contract between Severn Trent and the Hugo Municipal Authority."[1] The petition seeks "actual and compensatory damages in an amount in excess of $10,000," restitution and injunctive relief.

Defendant Severn Trent Environmental Services, Inc. filed its notice of removal on

---

[1] In October 2007, the city of Hugo, Oklahoma entered into a contract with defendant Severn Trent Environmental Services, Inc., for the "production of treated water as reasonably necessary to meet the demands for water" by the people of Hugo.

December 4, 2015.[2]  The stated basis for removal is 28 U.S.C. §1332(a).  That is, defendant relies upon traditional diversity jurisdiction.[3]  Thus, this action is only removable if there is complete diversity of citizenship between the class representative and the defendant[4], and the class representative has a claim that is worth more than $75,000, exclusive of interest and costs.

In the prayer for relief in the original state court petition, plaintiff seeks "actual and compensatory damages in an amount in excess of $10,000.00, exclusive of interest and costs, in the aggregate for Counts I-IV."[5]  In its notice of removal, defendant notes this is not in compliance with 12 O.S. §2008(A)(2), which requires that every petition state whether plaintiff's claim exceeds the amount required for federal diversity jurisdiction or otherwise plead the actual amount sought.  Defendant also notes, however, that 12 O.S. §2009(H) permits a defendant to file a motion to clarify damages if the amount of damages sought to

---

[2]The notice states that the other named defendant, Severn Trent Laboratories, Inc. does not exist as named and therefore is unserved and not material to this removal.

[3]In the Class Action Fairness Act ("CAFA"), Congress provided a broad grant of jurisdiction to certain class action litigants under 28 U.S.C. §1332(d)(2).  CAFA does not displace conventional diversity class action rules, however, but rather augments them.  Federal subject matter jurisdiction over a class action may be premised on either.  *Aldrich v. University of Phoenix, Inc.,* 2015 WL 5923594 *2 (W.D.Ky. 2015).

[4]Plaintiff has conceded this point.  (#14 at page 2 of 12 in CM/ECF pagination).

[5]In an order (#18) dated January 26, 2016, the court directed plaintiff to file an amended complaint. The amended complaint (#19) was filed on February 1, 2016.  In the amended complaint, plaintiff states as to each count (aside from the count for declaratory, injunctive and equitable relief) that "Plaintiff has been damaged individually for an amount presently undetermined, the class has been damaged as a whole for an amount in excess of the amount required for individual diversity jurisdiction . . . . " The propriety of removal is judged on the complaint as it stands at the time of removal.  *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir.1991).

be recovered is less than the amount required for federal diversity jurisdiction. Defendant states that it did not file such a motion because it is not <u>required</u> by the statute and because it did not wish to risk its removal being deemed untimely under 28 U.S.C. §1446(b). (#3 at 2 n.3).

In this regard, defendant is referring to §1446(b)(1), which provides that the notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading. If the case is not initially removable, it must be removed within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §1446(b)(3). It should also be noted, however, that "[u]nder §1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999). Moreover, removal based on diversity of citizenship is prohibited under §1446(b)(3) if the removal is "more than [one] year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order in order to prevent a defendant from removing the action." *See* 28 U.S.C. §1446(c)(1).[6] In the motion to remand, plaintiff asserts that "[t]he currently available evidence demonstrates that the individual claims of Tara Lowrimore greatly miss the $75,000 individual amount." (#14 at page 2 of 12).

---

[6] The provision of 28 U.S.C. §1453(b) which does away with the one-year limitation of §1446(c)(1) is limited to cases removed under CAFA.

3

At present, Tenth Circuit authority regarding a case such as the one at bar remains as follows: "Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed.Appx. 775, 778 (10th Cir.2005). The court must strictly construe the federal removal statute, and resolve any doubts concerning removability in favor of remand. *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982).[7]

There might be an argument that, given the existence of 12 O.S. §2009(H), an explicit provision of state law for clarifying damages, the case should be remanded for that purpose. The Ninth Circuit has held that "it is well within the [district] court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal." *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 691 (9th Cir.2006).[8] On the other hand, this amounts to punishing defendant for not employing a state statute when plaintiff did not comply with the pleading requirement of 12 O.S. §2008(A)(2). It appears no court in Oklahoma has made such a ruling, and this court will not do so.

---

[7] In *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 554 (2014), the Supreme Court held that "no antiremoval presumption attends cases invoking CAFA." The Court left open "whether such a presumption is proper in mine-run diversity cases." *Id.* The Tenth Circuit has not had occasion to revisit the issue.

[8] *See also* 14C Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, §3739 at 909-10 (2009 ed.)("By contrast, if subsequent pleadings, conduct by the parties, or various other circumstances bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible and may succeed." (footnote omitted).

4

A defendant may choose to remain in state court and seek clarification of damages, relying upon the one-year time limitation of 28 U.S.C. §1446(c)(1), which is itself subject to extension if the court finds plaintiff has acted in bad faith. This is what the defendant did in *Calvary Baptist Church v. Church Mut. Ins. Co.,* 2016 WL 543239 (W.D.Okla.2016). On the other hand, in *Singleton v. Progressive Direct Ins. Co.,* 49 F.Supp.3d 988 n.1 (N.D.Okla.2014), the court said there was no indication that plaintiff attempted to comply with the pleading requirements or that defendant attempted to avail itself of its rights under §2009(H). The court nevertheless proceeded to simply address the motion to remand on the merits. This court will adopt the same approach.

First, plaintiff argues that the contract itself requires this matter be remanded to state court. She points to the forum-selection clause (#14-1, section 12.7) which states in pertinent part that "[t]he parties agree that the venue of any action arising from this Agreement shall be in the appropriate State court having competent jurisdiction located in the judicial district in which the Client is located." The contract defines the "Client" as the Hugo Municipal Authority and Hugo is in Choctaw County, Oklahoma, where plaintiff originally filed the case. Plaintiff, however, is not a party to the contract. Nevertheless, a non-signatory may enforce a forum selection clause in a contract if that party is a third-party beneficiary of the contract. *See Coastal Steel Corp. v. Tilghman Wheelabrator,* 709 F.2d 190, 203 (3d Cir.1983). Plaintiff argues for such a finding, noting that section 4.1(b) of the contract states that defendant shall provide the City's customers (such as plaintiff) with treated water.

5

Under Oklahoma law[9], "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 15 O.S. §29. "As a general proposition, the determining factor as to the right of a third party beneficiary is the intention of the parties who actually made the contract." *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* 545 P.2d 746, 749 (Okla.1976). Generally, public citizens are not intended third-party beneficiaries to government contracts despite the fact that such contracts are usually intended to benefit the public in some way. *See Briggs v. Oklahoma ex rel. Dept. of Human Services,* 472 F.Supp.2d 1288, 1293 (W.D.Okla..2007)(citing *Restatement (Second) of Contracts* §313). *See also Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206, 1211 (9th Cir.1999)("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary"). The court finds that this authority leads to the conclusion that, although plaintiff is a citizen of Hugo and a "beneficiary" of a treated water supply, the contract does not expressly make her a third-party beneficiary entitled to enforce the contract.[10]

The court now turns to jurisdictional amount. As the party requesting removal, defendant must allege "a short and plain statement of the grounds for removal" (pursuant to

---

[9] Section 12.7 of the contract also states that "[t]he Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma."

[10] Plaintiff also cites 15 O.S. §170, which directs that uncertain language in a contract shall be interpreted against the party which caused the uncertainty. Again, plaintiff is not a <u>party</u> to the contract and therefore may not enforce this rule of construction.

6

28 U.S.C. §1446(a)), which includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart,* 135 S.Ct. at 553-54 (2014). Where plaintiff contests defendant's allegations regarding the amount in controversy, both sides may present evidence and the court must decide by a preponderance of the evidence whether defendant has satisfied the amount-in-controversy requirement. *Id.* at 554. The burden is on the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir.2008). A "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play . . . " *Id.* at 955 (emphasis in original). A "defendant may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* The nature of a plaintiff's claims may also be relied on in this regard. *See id.* at 955-56. Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying (from defendant's) will be less than the jurisdictional floor may the case be dismissed. *Id.* at 955 (quoting *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540, 543 (7th Cir.2006)).

In the original petition filed in state court, plaintiff seeks "actual and compensatory damages . . . including a refund of any amounts paid . . . for having to purchase bottled water or substitute water." (*See* #3-2 at ¶¶8, 39-41). In the notice of removal, defendant asserts that "[b]ased on general water use determinations by the Oklahoma Department of Environmental Quality, those allegations put the amount in controversy on Plaintiff's

7

individual claim in excess of $75,000." (#3 at 3). Plaintiff also seeks monetary damages for amounts she paid "to Severn Trent and/or Hugo Municipal Authority for increases in [her] water bill during the time operated by Severn Trent." (#3-2 at ¶50). Plaintiff also alleges general damage claims which may be in addition to those specific claims, such as that "[a]s a direct and proximate result of Severn Trent's negligence, Plaintiff and the class have been proximately damaged in an amount presently undetermined, but which is excess of $10,000.00 (*Id*. at ¶29). Similar allegations are made as to the breach of contract claim (¶34) and the claim of false representation (¶37).

Plaintiff has presented her water bills for the year 2015, which total $1401.88 Plaintiff extrapolates from that amount that her damages do not approach $75,000. In response, defendant takes the number of gallons of water used, as reflected on the water bill and submits that the proper comparison is not to tap water, but to more expensive bottled water. The cited source is the cost of bottled water at the Hugo Walmart. (#16-5). This amount is then calculated for the purchase of the volume of water necessary to replace water used for drinking, bathing and cooking over a five-year period (which tracks the allegations of the state court petition). The court finds the formula used by defendant to be facially plausible and not irrational. Plaintiff responds that defendant's figures (for substitute water especially) are "patently absurd." (#20 at 4).

Plaintiff points to the median household income for Choctaw County, Oklahoma as $30, 201, and argues that under defendant's calculation, a household would not eat, pay the

8

mortgage or pay any other bills in lieu of buying replacement water. This argument has its attraction too, but in the removal context it appears defendant is not precluded from postulating "Cadillac" damages for a plaintiff so long as acceptable methods of proof are used. The court cannot say it is "legally certain" that the recovery will be less than $75,000.[11] Defendant has met its burden of proof.

In the interest of thoroughness, the court notes that plaintiff also seeks injunctive relief "because damages cannot adequately compensate Plaintiff and the Class for the injuries suffered and threatened." (#3-2 at ¶44).[12] Defendant also relies upon this aspect of plaintiff's petition in resisting remand. When a plaintiff seeks declaratory and injunctive relief, the amount in controversy "is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir.2006). "Put another way, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." 16 *Moore's Federal Practice* §107.56[7] (3d ed.2015). "An action seeking an injunction or declaratory relief may have a different monetary value, often far less, to the plaintiff than to the defendant, who may be required to spend in excess of the jurisdictional minimum to comply with an injunction or declaration ultimately imposed by the court. Courts have taken different approaches to this valuation question." *Id.* In the

---

[11] Again, plaintiff could have preempted the issue by specifying less than the jurisdictional amount pursuant to 12 O.S. §2008(A)(2).

[12] Plaintiff asserts this simply is a request for a refund of the amounts paid for bottled water and/or residential or business filtration systems and restitution for increased water bills. (#14 at pages 9-10 of 12). Defendant correctly notes that "the law does not recognize that theory of injunctive relief." (#16 at page 23 of 26). Therefore, the following discussion may well be hypothetical.

Tenth Circuit, "the impact on the defendant, including its cost of complying with an injunction, is a proper consideration in determining the amount in controversy." *Lee v. ConocoPhillips Co.,* 2015 WL 4993261 at *3 (W.D.Okla.2015)(citing *Justice v. Atchison, Topeka & Santa Fe Ry. Co.,* 927 F.2d 503, 505 (10th Cir.1991)).

Defendant argues that "based on the entirety of the Petition, [the request for injunctive relief] may only be interpreted as requesting a change in the method of processing/delivering water, which changes can only be accomplished by substantial renovations to the Hugo Municipal Authority Water Plant." (#3 at 4). In its response to plaintiff's motion, defendant evolves to "two reasonable interpretations" (#16 at page 23 of 26 in CM/ECF pagination): (1) a demand that defendant reimburse for bottled water on a prospective and ongoing basis, or (2) a demand that defendant prospectively deliver clean water. Interpretation (1) is not implausible, given the language in the petition about replacement water and the reference in ¶44 to "injuries suffered *and threatened.*" (emphasis added). By contrast, the court does not rely on interpretation (2), which is basically equivalent to the single interpretation proffered in the notice removal, to maintain federal jurisdiction. Defendant acknowledges that the Comprehensive Performance Evaluation Report issued by the Oklahoma Department of Environmental Quality "determined that the filtering, turbidity and disinfection issues are deficiencies in the Facility's design rather than its operation." (#16 at page 24 of 26). Defendant has not established that defendant (as opposed to the non-party Hugo Municipal Authority) could possibly be ordered to make <u>design</u> changes in the City's water plant.

It is the order of the court that the motion of the plaintiff to remand (#14) is hereby DENIED. In view of plaintiff's amended complaint and defendant's motion to dismiss amended complaint, defendant's initial motion to dismiss (#10) is deemed moot.

**ORDERED THIS 29th DAY OF FEBRUARY, 2016.**

**Dated this 29th day of February, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma