**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TARA LOWRIMORE, AND OTHER SIMILARLY SITUATED John Does 1-8000, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEVERN TRENT ENVIRONMENTAL SERVICES, INC., and SEVERN TRENT LABORATORIES, INC., )<br>)<br>Defendants. ) | Case No. CIV-15-475-RAW |

## ORDER

Before the Court is the motion of the defendant Severn Trent Environmental Services, Inc., to dismiss.[1] This action was commenced in the District Court of Choctaw County by the filing of a petition on October 30, 2015. The petition is labeled "Class Action Petition." It represents to bring the action on behalf of "a plaintiff class consisting of all persons and entities residing in and/or located in the city of Hugo, Oklahoma, and all surrounding area which are serviced by the Hugo Water Treatment Plant operated under the contract between Severn Trent and the Hugo Municipal Authority."[2] The petition seeks "actual and compensatory damages in an amount in excess of $10,000," restitution and injunctive relief.

---

[1] Defendant Severn Trent Laboratories, Inc., has been dismissed (#30).

[2] In October 2007, the city of Hugo, Oklahoma entered into a contract with defendant Severn Trent Environmental Services, Inc., for the "production of treated water as reasonably necessary to meet the demands for water" by the people of Hugo.

Defendant removed the action to this court, and the court has denied (#28) plaintiff's motion to remand. Plaintiff has filed a first amended complaint (#19).

In considering a motion pursuant to Rule 12(b)(6) F.R.Cv.P., the court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Williams v. Wilkinson,* 2016 WL 1459529, *3 (10th Cir.2016)(citation omitted). In doing so, the court asks whether it is plausible that the plaintiff is entitled to relief. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

The amended complaint brings the substantive claims of (1) negligence, (2) breach of contract and (3) false representation. The court grants the motion as to plaintiff's breach of contract claim, for lack of standing. The basis for this decision is essentially set forth in the ruling on the plaintiff's motion to remand (#28 at 5-6). Plaintiff sought to enforce the contract's forum selection clause as a third-party beneficiary of the contract. This court rejected the argument, relying on authority that public citizens are generally not considered third-party beneficiaries to government contracts, despite the fact that such contracts are usually intended to benefit the public in some way. *See, e.g., MacKenzie v. Flagstar Bank, FSB,* 738 F.3d 486, 491 (1st Cir.2013). The question of whether, for standing purposes, a non-party to a contract has a legally enforceable right therein is a matter of state law.

*Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 981 (11th Cir.2005). This court found (and reiterates) that plaintiff had no such right in the present contract under Oklahoma law.

The threshold question in any action for negligence is the existence of a duty. *Trinity Baptist Church v. Brotherhood Mutual Ins. Servs., LLC.,* 341 P.3d 75, 82 (Okla.2014). The existence of a legal duty is a question of law for the court. *Id.* A legal duty is an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection *Id.* at 82-83. The foreseeability of harm to the potential plaintiffs as a result of an individual's conduct is one of the most important considerations used to determine the existence of a legal duty. *Id.* at 83. Foreseeability is, however, just one of many factors the Supreme Court of Oklahoma considers. Other factors include: (1) the degree of certainty of harm to the plaintiff; (2) the moral blame attached to defendant's conduct; (3) the need to prevent future harm; (4) the extent of the burden to the defendant and consequences to the community of imposing the duty on defendant; and (5) availability of insurance for the risk involved. *Id.*

Defendant argues that plaintiff's claim fails for want of an actionable duty.[3] Of course, this is not a decision which this court makes in an untrammeled fashion. State courts are the ultimate expositors of state law. *Rael v. Sullivan,* 918 F.2d 874, 876 (10th Cir.1990). "As a federal court sitting in diversity, our task is simply to ascertain and apply Oklahoma law, attempting to predict what the state's highest court would do if faced with the specific

---

[3] Plaintiff alleges the duty was "to provide the Hugo, Oklahoma and surrounding areas with safe water," and that the "duty arises from the contract." (#19 at ¶¶34-35).

issues before us on appeal." *Flores v. Monumental Life Ins. Co.,* 620 F.3d 1248, 1250 (10th Cir.2010). On the other hand, "[a]s a federal court, we are generally reticent to expand state law without clear guidance from its highest court." *Taylor v. Phelan,* 9 F.3d 882, 887 (10th Cir.1993).

Plaintiff cites the statements in *Lewis v. Farmers Ins. Co.,* 681 P.2d 67, 69 (Okla.1983) that under Oklahoma law, "[a] common law duty to perform with care, skill, reasonable expediency, and faithfulness accompanies every contract." Therefore, a "negligent failure to observe any of these conditions will give rise to an action" in both contract and tort. *Id.* That case, however, involved an insurance contract and the court seemed to merely be acknowledging that a claim for breach of the duty of good faith and fair dealing lies in tort. In other words, one <u>party</u> to the contract may have a tort claim against the other party to the contract. It does not appear Oklahoma has recognized the duty plaintiff invokes in the case at bar.

The clearest statement of the rule which plaintiff seeks appears under Pennsylvania law. In a recent decision discussing that state's pertinent law, the Third Circuit stated: "[A] party to a contract by the very nature of the contractual undertaking may place himself in such a position that the law will impose upon him a duty to perform his contractual undertaking in such manner that third persons – strangers to the contract – will not be injured thereby." *Furlan v. Schindler Elevator Corp.,* 516 Fed.Appx. 201, 208 (3d Cir.2013)(citation

4

omitted).[4]  The court, however, immediately cites *Restatement (Second) of Torts* §324A. That provision describes liability for "physical harm." That term refers to "the physical impairment of the human body, or of land or chattels." *Restatement (Second) of Torts* §7(3).[5]

The First Circuit recently stated that "[w]hile the Restatement does not explicitly address whether economic losses, as opposed to losses resulting from physical injury, are recoverable for the breach of a voluntarily assumed duty, courts in a large number of jurisdictions have read the reference to 'physical harm' in §323 and §324A of the Restatement as affirmatively precluding recovery for economic losses in such cases." *Schaefer v. Indymac Mortg. Servs.*, 731 F.3d 98, 104 (1st Cir.2013)(footnote omitted). "A smaller number of courts, by contrast, have held that §323 and §324A do not limit liability for the breach of an assumed duty, and that economic losses are recoverable in such cases as well, at least under some circumstances." *Id.* at 104-105 (footnote omitted). It does not appear the issue has been addressed in Oklahoma jurisprudence.

In other words, in order for plaintiff's negligence claim to proceed, this court would have to predict that the Supreme Court of Oklahoma would both recognize the theory that by entering into a contract, a defendant may face the imposition of a tort duty to a non-party

---

[4]This, under plaintiff's theory, describes the factual situation here. By entering a contract dealing with treatment of the water supply (a matter of public safety) in Hugo, defendant arguably placed itself in a position that a duty to the citizens of Hugo arose in that regard. If plaintiff alleged physical injury, this court might well predict that the Supreme Court of Oklahoma would recognize such a duty.

[5]In describing the alleged injury, the first amended complaint states that plaintiff and the class members were required "to purchase alternative sources of water." (#19 at ¶37). Elsewhere, recovery for such water purchases is sought. (#19 at ¶¶63c & ¶5 under "prayer for relief"), as well as refund of fees (¶63b) and restitution for increased water bills (¶6 under "prayer for relief).

5

to a contract <u>and</u> adopt the minority view that recovery is available under that theory for purely economic loss.⁶ This court is persuaded the correct prediction is to the contrary.⁷ The motion is granted as to plaintiff's negligence claim as well for the reasons stated.⁸

Finally, plaintiff brings a claim for false representation.⁹ The allegations are that defendant repeatedly failed to adequate report required information to the Oklahoma Department of Environmental Quality and that plaintiff and the class members relief on defendant to do so. Thus, defendant "failed to properly advise the residents of Hugo, Oklahoma and the surrounding areas of the dangers of the water." (#19 at ¶58).

---

⁶It has been observed that "the few courts that have allowed recovery for economic harm under §323 have done so without any explanation for departing from the plain language of the Restatement." *Rocha v. Brown & Gould, LLP,* 101 F.Supp.2d 52 n.30 (D.D.C.2015).

⁷Neither party has asked to certify these issues to the Supreme Court of Oklahoma. Whether to do so is within the discretion of the federal court, and certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law. *Armijo v. Ex Cam,* 843 F.2d 406, 407 (10th Cir.1988). This court elects not to certify the issues *sua sponte*.

⁸The court is not persuaded that the negligence claim should be dismissed on defendant's alternate ground, that Section 6.1 of the contract between defendant and the Hugo Municipal Authority forecloses any claim on the notion of an unconditional obligation as a matter of law. Assuming *arguendo* defendant is correct that defendant's tort duty to a non-party to a contract would have parameters limited by the contract, that Section essentially states that defendant will not guarantee compliance with environmental laws and regulations if certain conditions exist at the plant. First, as plaintiff notes, defendant has not identified which of those conditions actually existed, which would be a question of fact in any event. Moreover, the Section goes on to state that in the event defendant is excused from those laws and regulations, it must still "provide the best treatment reasonably possible within the constraints of the Facilities' design, condition and physical limitations and shall resume normal operations within a reasonable time." Whether defendant provided "the best treatment reasonably possible" is again a question of fact, precluding dismissal under Rule 12(b)(6).

⁹The first amended complaint contains a Count IV, seeking declaratory and injunctive relief, but these are remedies rather than independent causes of action. *See Mulqueen v. Energy Force, LLC,* 2013 WL 6051020, *11 (M.D.Pa. 2013). Therefore, they are rendered moot by dismissal of the underlying substantive claims. *See Thomas v. Guffey,* 367 Fed.Appx. 957, 960 (10th Cir.2010).

While Rule 12(b)(6) does not require that a plaintiff establish a prima facie case in the complaint, the elements of each alleged cause of action help to determine whether the plaintiff has set forth a plausible claim. *Hitch Enterprises, Inc. v. Cimarex Energy Co.,* 859 F.Supp.2d 1249, 1259 (W.D.Okla.2012). In Oklahoma, to ultimately prevail on a claim for actual fraud or deceit, the plaintiff must show a material false representation, made with knowledge of its falsity or recklessly without knowledge as to its truth or falsity, as a positive assertion, with the intention that it be acted upon by another, who does act in reliance thereon, to her injury. *Id.*

The court finds dismissal of this claim is appropriate. Plaintiff has not alleged that any reports by defendant to the Oklahoma agency were made with knowledge of their falsity or recklessly, *with the intention* that citizens of Hugo rely on them, or that plaintiff herself did rely on them. Plaintiff's alleged reliance is belied by the fact that she purchased bottled water and seeks recovery for those purchases. The purchases also appear to negate the conclusion that defendant violated any duty to disclose to citizens the condition of the water.[10]

---

[10]To clarify, the court recognizes that (viewing the allegations in the light most favorable to plaintiff), plaintiff suffered damages in having to purchase bottled water, related to the conduct of defendant. The court simply holds that the false representation claim, as pled and under the elements required by Oklahoma law, is not a proper vehicle for recovery (e.g., the purchase of the bottled water itself contraindicates reliance). Under the unusual facts, the breach of contract claim and the negligence claim also fail under Oklahoma law, for different reasons.

Having dismissed the substantive claims, the court will not address defendant's challenge to the class action allegations or defendant's request for partial dismissal on statute of limitation grounds.

It is the order of the court that the motion of the defendant to dismiss (#22) is hereby granted.

**ORDERED THIS 16th DAY OF MAY, 2016.**

**Dated this 16th day of May, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma